**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MICHAEL E. MALDONADO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. WGC-06-103** |
| ) | |
| **MILLSTONE ENTERPRISES, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

Pending before the Court and ready for resolution are Defendant Millstone Enterprises, Inc.'s ("Millstone") Motion for Summary Judgment (Document No. 19) and Defendant Forrester Construction Company's ("Forrester") Motion for Summary Judgment[1] (Document No. 21). Plaintiff filed a Response (Document No. 32) and Defendant Millstone a Reply[2] (Document No. 35). A motions hearing was held on January 3, 2007. The Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

### I. BACKGROUND

Defendant Forrester leased a material hoist[3] from Defendant Millstone to use at Forrester's job site at the National Security Agency at Fort Meade, Maryland. The material hoist was manufactured by Champion Elevator Company. On or about November 25, 2002, Patrick

---

[1] Defendant Forrester adopts the arguments and reasoning of its co-Defendant, Millstone.

[2] Defendant Forrester did not file a Reply.

[3] In his Complaint Plaintiff identifies this item as an elevator. It is more accurately called a material hoist, which is a portable elevator like device that is set up on the outside of a building, and operated by an individual who sits at ground level and raises and lowers the hoist.

1

Kiker, a twenty-five year employee of Millstone[4], erected and installed the material hoist at Forrester's job site.  Forrester did not purchase a maintenance contract from Millstone that would have provided all required maintenance and periodic inspections of the material hoist. Millstone's Mem. Supp. Mot. Summ. J. ("Millstone's Memo."), Ex. 3 (Kiker Aff. ¶¶ 2, 5-6).

At approximately 11:15 a.m on January 28, 2003, Michael Maldonado, an employee of T & P Engineering, a government subcontractor, entered the material hoist on the third floor loading a cart.  The material hoist fell sixty (60) to seventy-five (75) feet.  Mr. Maldonado sustained serious, painful and probably permanent injuries to his head, body and limbs.

## II.  STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrision v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

---

[4] "For the entire period I have been employed by Millstone I have been responsible for the assembly, repair, maintenance and inspection of the various elevators, lifts and hoists that Millstone has provided to its customers."  Millstone's Mem. Supp. Mot. Summ. J. ("Millstone's Mem."), Ex. 3 (Kiker Aff. ¶ 3).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. On the other hand, on those issues on which the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'[a] mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.  DISCUSSION

A.    *Motion to Strike Plaintiff's Expert Witness*

Millstone moves to strike Harold Rose as an expert because Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2). According to Millstone Plaintiff merely identified Mr. Rose as an expert in vertical transportation equipment. "With regard to the disclosure of the specific opinions and bases therefore, Plaintiff simply stated that the alleged expert will 'testify as to the negligent maintenance of the elevator and the cause of

3

the accident.' Plaintiff failed to identify what constituted 'negligent maintenance' or the 'cause of the accident.'" Millstone's Mem., at 5. Plaintiff argues he has complied with the rule regarding the disclosure of expert witness opinions and the Court thus should not strike his witness.

> On September 14, 2006, the Plaintiff supplied the Court and counsel for the Defendants[] with his Rebuttal Rule 26(a) Disclosure. Due to circumstances beyond Plaintiff's control, the written report of Harold Rose and Alberto Felix were not attached thereto. On October 18, 2006, the Plaintiff submitted the expert reports for Harold Rose and Alberto Felix. Therefore, the Plaintiff has complied with the Rules of Procedure.

Pl.'s Mem. Supp. Resp. Defs.' Mot. Summ. J. ("Pl.'s Mem."), at 3.[5]

Plaintiff's Rule 26(a)(2) disclosures regarding experts were originally due May 8, 2006. *See* Document No. 9 (Scheduling Order of March 9, 2006). After Defendants filed their Summary Judgment Motions, the Court granted Plaintiff's Motion to Modify Scheduling Order and extended the deadline for Plaintiff's Rule 26(a)(2) disclosures regarding experts to September 18, 2006. *See* Document No. 27 (Order of August 2, 2006). On September 14, 2006, Plaintiff filed his Rule 26(a)(2) disclosures. *See* Document No. 28. Plaintiff also requested an additional thirty (30) days to provide Defendants with Mr. Rose's written report. The next day, the Court directed Defendants to file correspondence demonstrating how they would be prejudiced if the Court provided Plaintiff an additional thirty days or until October 18, 2006 to

---

[5] Plaintiff's Response does not contain page numbers.

submit Mr. Rose's report.[6] On September 25, 2006, Millstone[7] submitted its correspondence addressing the issue of prejudice. *See* Document No. 30. On October 6, 2006, the Court granted Plaintiff an extension until October 18, 2006 to submit Mr. Rose's expert report. *See* Document No. 31.

Mr. Rose's opinion letter purportedly identifies what constituted negligent maintenance by Defendants and the cause of the accident. The Court permitted this belated filing of Mr. Rose's expert report. The basis for Millstone's motion to strike Mr. Rose as an expert witness is thus moot.

*B.    "Incident Report" by the National Security Agency*

Plaintiff's Response to Defendants' Motions for Summary Judgment includes *one* exhibit, Harold Rose's opinion letter with two attachments. Contrary to the assertions of Plaintiff's counsel at the motions hearing, the "incident report" from the National Security Agency ("NSA") was not attached to the Response Plaintiff electronically filed with the Court on October 18, 2006. *See* Document No. 32. Counsel provided the Court a copy of this "NSA report" after the hearing.

At the hearing Plaintiff's counsel claimed that the "NSA incident report" is the basis of Plaintiff's opposition as it clearly raises a genuine dispute as to material facts in this case. As Plaintiff's counsel noted at the hearing, he provided a copy of this "NSA incident report" to

---

[6] Although not specifically requested by Plaintiff, the Court noted the disclosures concerning another expert, Alberto Felix, did not comply with the rule. The thirty day extension would apply to both Mr. Rose and Mr. Felix.

[7] Forrester did not file any correspondence in response to the Court's request.

Defendants' counsel[8] by letter dated August 7, 2006.  Moreover, the "NSA incident report" is the basis of Mr. Rose's expert opinion.

Millstone's counsel argued that there is no admissible evidence that Millstone or any of its employees did anything wrong.  Forrester's counsel asked the Court not to consider the "NSA report" because it is not sworn.  Contrarily, Plaintiff's counsel contends the "NSA report" is maintained in the ordinary course of business, as a business record, and thus is admissible evidence.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Although not specifically listed as evidence a court may consider in summary judgment motions under Rule 56, courts have considered unsworn or non-certified documents if those documents would be admissible at trial.  *See Canadyne-Georgia Corp. v. Bank of America*, 174 F. Supp. 2d 1337, 1343 (M.D. Ga. 2001); *American Pfauter, Ltd. v. Freeman Decorating Co.*, 796 F. Supp. 347, 350 (N.D. Ill. 1992); *McLaury v. Duff & Phelps, Inc.*, 691 F. Supp. 1090, 1096 (N.D. Ill. 1988).  "Reports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy. . . ."  *Certain Underwriters at Lloyd's v.*

---

[8] Defendants' counsel acknowledged receiving the "NSA incident report."  However the report was *not attached* to Plaintiff's Response.  "Because the basis of Mr. Rose's opinion is the inherently unreliable statement contained within another hearsay statement (*neither of which are even included within Plaintiff's Response*) both of which are inherently unreliable, Mr. Rose's conclusion should not be considered."  Millstone's Reply, at 4-5 (emphasis added).

*Sinkovich*, 232 F.3d 200, 204-05 (4th Cir. 2000).

Totaling thirteen pages, the "NSA report" consists of the unnamed[9] Safety Specialist's narrative, recommendations, an assessment of direct causes, indirect causes and contributions, as well as an unsworn *Report of Mishap*[10] completed by Forrester's superintendent, an unsworn three page description of events by Plaintiff's supervisor and two pages of e-mail messages with the subject "911 personnel emergency" regarding the sudden fall of the material hoist and the medical response to Plaintiff. Based on the Advisory Committee Note to Federal Rule of Evidence 803(6), the "NSA report" would not be admissible as a business record.

> Sources of information presented no substantial problem with ordinary business records. All participants, including the observer or participant furnishing the information to be recorded, were acting routinely, under a duty of accuracy, with employer reliance on the result, or in short "in the regular course of business." If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not.

Fed. R. Evid. 803(6) advisory committee's note (1972).

The unnamed Safety Specialist is equivalent to the police officer whereas Forrester's superintendent and Plaintiff's supervisor are bystanders. The "NSA report" would not be admissible at trial under Rule 803(6). The Court therefore cannot consider this document for the purpose of deciding these summary judgment motions.

Alternatively, the "NSA report" may qualify as a public record and, if so, would be

---

[9] The NSA redacted the names of its employees from the "report."

[10] Two copies of the *Report of Mishap* are contained in the "NSA report."

7

admissible at trial thus enabling this Court to consider it in lieu of authentication. "Government reports which include findings and opinions from an official investigation are admissible under Rule 803(8) if the contents are trustworthy." *Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (4th Cir. 1993). In evaluating the admissibility of such reports this Court must consider the following factors: "(1) the timeliness of the investigation; (2) the special skill or experience of the official; and (3) possible motivational problems." *Id.* (quoting *Ellis v. International Playtex, Inc.*, 745 F.2d 292, 300-01 (4th Cir. 1984) (citing *Kehm v. Proctor & Gamble*, 724 F.2d 613, 618-19 (8th Cir. 1983)). Factors indicating a lack of trustworthiness include inadequate investigation, unreliability, inadequate foundation for conclusions and invasion of the jury's province. *Id.* The trial court has the discretion to admit a report under Rule 803(8). The admission of such evidence is not mandatory. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 264 (4th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1431 (2006).

      Federal Rule of Evidence 803(8) pertains to the following:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

      The Court finds the "NSA incident report" does not qualify as an exception to the hearsay rule under Rule 803(8)(A) or 803(8)(B). Nor is the report excluded from the hearsay rule by Rule 803(8)(C). The "NSA report" is actually a memorandum from an unnamed Safety

Specialist to an unidentified superior. The unnamed Safety Specialist describes the content of the report as follows: "Attached is a narrative, ca[us]al factors and recommendation on the T & P Contracting Material Hoist Incident that occurred on Tuesday, January 28, 2003 outside of the OPS1, Core 2.3 Renovation Project. If you have any questions or concerns, please don't hesitate to contact me." Such a memorandum does not constitute factual findings by an agency. *See Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998), *cert. denied* 525 U.S. 1142 (1999) ("We further conclude that the memoranda do not satisfy Rule 803(8)(C). The memoranda do not reflect 'factual findings' of the [agency]. Rather, they embody the positions and opinions of individual staff members. . . . Our conclusion is in accord with other circuits that have held that interim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements.")). Second, the NSA Safety Specialist's memorandum is not certified and contains unsworn statements. "[T]here is no indication that the statements within it were sworn and therefore consideration of this report would amount to inappropriate consideration of witnesses' unsworn statement. Moreover, the report itself was not properly authenticated by any sworn statement." *Rodriguez v. Lauren*, 77 F. Supp. 2d 643, 647 n.10 (E.D. Pa. 1999).

Although Plaintiff's counsel had a copy of the NSA Safety Specialist's memorandum as early as *August 7, 2006*, he did not obtain sworn statements from Forrester's superintendent, Plaintiff's supervisor, or other witnesses identified in the report to support his Response filed on October 18, 2006. "'To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" *Johnson v. Sullivan*, 764 F. Supp. 1053, 1055 (D. Md. 1991) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice &*

*Procedure § 2722* at 58-60 (2d 1983), *rev'd on other grounds*, 991 F.2d 126 (4th Cir. 1993)).

Plaintiff also failed to avail himself of another option — the submission of an affidavit pursuant to Rule 56(f).

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

At the motions hearing Plaintiff's counsel claimed additional discovery needs to be conducted. Counsel also noted that Mr. Maldonado is still under the care of the neurosurgeon.[11] Under these circumstances Plaintiff, inexplicitly, did not attach an affidavit to his Response seeking a continuance to obtain sworn statements of potential witnesses or to reopen discovery. Failing to comply with either Rule 56(e) or Rule 56(f), Plaintiff leaves this Court with no option but to exclude from consideration the NSA Safety Specialist's memorandum.

C.     *Report of Plaintiff's Expert Witness*

It is undisputed that the opinion letter of Mr. Rose, Plaintiff's expert witness, is unsworn. This is contrary to Rule 56(e).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

---

[11] As the Court noted at the motions hearing, Defendants were always agreeable to extending discovery as it related to the medical issues. Defendants however felt there was no reason not to promptly investigate the liability issue and to have the appropriate reports prepared. *See* Document No. 24, Ex. 2 (Bredeck Aff. ¶ 5) ("At no time did I agree that the discovery deadlines relating to Plaintiff's designation of his expert witnesses and their opinions should be extended due to Plaintiff's apparent medical condition.").

At the motions hearing the Court inquired about the lack of an affidavit from Mr. Rose. Plaintiff's counsel explained that Mr. Rose was holding off providing an affidavit until receiving additional information to complete his review of all documents. Inexplicitly, Plaintiff did not file an affidavit under Rule 56(f). Mr. Rose's opinion letter, without a supporting affidavit verifying its authenticity, is inadmissible and cannot be considered for purposes of summary judgment. *Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003).

Without expert testimony Plaintiff cannot assert a cause of action. In his Complaint Plaintiff alleges Millstone's and Forrester's negligence — failing to provide safe maintenance of the material hoist, failing to use reasonable care to discover and correct unsafe conditions on the material hoist, and failing to adequately warn Plaintiff of a hazardous and dangerous condition which Millstone and Forrester knew or should have known existed — caused Plaintiff's accident resulting in serious injuries. Because this case concerns the malfunction of complex machinery, Plaintiff is precluded from relying on the doctrine of *res ipsa locquitur*. Whether the material hoist malfunctioned in the absence of someone's negligence is outside the common knowledge of lay people. "[A]n expert is required to testify that the malfunction is of a sort that would not occur absent some negligence." *Holzhauer v. Saks & Co.*, 346 Md. 328, 341, 697 A.2d 89, 95 (1997) (citing *Dover Elevator Co. v. Swann*, 334 Md. 231, 254, 638 A.2d 762, 773-74 (1994)). The court in *Holzhauer* explained the necessity for expert testimony:

> Mechanical, electrical, and electronic devices fail or malfunction routinely—some more routinely than others. A speck of dust, a change in temperature, misuse, an accidental unforseen trauma—many things can cause these devices to malfunction. To allow an inference that the malfunction is due to someone's negligence when the precise cause cannot be satisfactorily established appears . . . to be unwarranted.

*Id.* at 340, 697 A.2d at 95 (quoting *Dover*, 334 Md at 255 n.4, 638 A.2d at 774 n.4) (quoting *Swann v. Prudential Ins.*, 95 Md. App. 365, 419, 620 A.2d 989, 1015-16 (1993) (Wilner, C.J., concurring and dissenting)).  In the absence of expert testimony, Plaintiff is unable to establish a *prima facie* case and Defendants are entitled to judgment as a matter of law.

Even if Mr. Rose's opinion letter was admissible, it would not create a genuine issue of material fact.  First, Mr. Rose bases his opinion on an inadmissible report, the NSA Safety Specialist's memorandum.

> Based on this report I believe that the material lift brake or a brake component failed or was improperly adjusted by Millstone Corporation personnel.  There could also be a combination of brake and another component that caused the failure.  Material lifts properly maintained and adjusted do not fall (65) feet.

Pl.'s Resp., Ex. A (Letter from Rose to Baron of 10/13/06, at 3).[12]

Although experts are allowed to rely upon inadmissible evidence in formulating their opinion under Federal Rule of Evidence 703, inherent to that rule is "a proviso as important as the rule's statement regarding admissibility.  The opinion is admissible only if the expert has relied on information of a kind reasonably relied on by experts in the field." *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997).  The Court finds experts in the field of vertical transportation equipment would not reasonably rely on unsupported hearsay statements that conflict with a sworn affidavit.

Second, Mr. Rose never examined the material hoist.  His opinion, based on the inadmissible NSA Safety Specialist's memorandum, is mere supposition. *Kennedy v. Joy Technologies, Inc.*, 455 F. Supp. 2d 522, 525 (W.D. Va. 2006).  Mr. Rose opines, "[m]aterial

---

[12] The quotation is taken from what is labeled the second page of Mr. Rose's opinion letter.  However, the document, as filed on the Court's electronic system, is page 3 of Mr. Rose's opinion letter.

12

lifts properly maintained and adjusted do not fall (65) feet." Pl.'s Resp., Ex. A (Letter from Rose to Baron of 10/13/06, at 3). Mr. Rose's opinion letter is similar to the situation in *Hardesty v. American Seating Co.*, 198 F. Supp. 2d 669 (D. Md. 2002), where the Court rejected consideration of a supplemental affidavit from an expert. "[T]he bald statement by plaintiff's expert in the supplemental affidavit that 'I know that load bars will not fall unless. . .' suffers from the same infirmities as the expert's earlier submissions. Courts have reiterated that the unadorned attestations that something is true simply because an expert says so is not sufficient under Fed. R. Evid. 702." *Id.* at 670. Contrarily, Mr. Kiker examined the material hoist the day after Plaintiff's accident, spent one and a half days inspecting every aspect of the material hoist and was unable to find anything wrong. The material hoist was returned to service and remained on the job site at Fort Meade for an additional three months without complaint. That same material hoist was thereafter utilized at several other job sites without complaint. Millstone's Mem., Ex. 3 (Kiker Aff. ¶¶ 7-9).[13] Plaintiff fails to present any evidence, in accordance with Rule 56, which rebuts Mr. Kiker's affidavit. No genuine issue of material fact has been presented.

For the foregoing reasons, an order will be separately entered granting summary judgment in favor of Defendants and against Plaintiff.

February 23, 2007                                         /s/
_____                    _____
      Date                                              WILLIAM CONNELLY
                                                UNITED STATES MAGISTRATE JUDGE

---

[13] Mr. Kiker's Affidavit contains two paragraphs seven (7). The Court cites to the last three paragraphs of the affidavit which should have been numbered 7, 8 and 9.